MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*



JUDGE GARDEPHE

14 CV 7181

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ARNOLDO UMUL SERECH, *individually*
*and on behalf of others similarly situated,*

               *Plaintiff,*

      -against-

BAREBURGER GROUP LLC,
BAREBURGER INC., EAST 87 BURGERS
LLC (d/b/a 1681 FIRST AVENUE
BAREBURGER), EAST SIDE BURGERS
LLC (d/b/a  1370 FIRST AVENUE
BAREBURGER), BAREBURGER EAST
SIDE LLC (d/b/a BAREBURGER),
EURIPIDES PELEKANOS, GEORGIOS
RODAS, JOSEPH BUSUTTIL, PANTELIS
TZANIDAKIS, PETROS TZANIDAKIS,
GEORGIOS TZANIDAKIS, JOHN
KAPSALIS,

               *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

ECF Case

RECEIVED
SEP 05 2014
U.S.D.C. S.D. N.Y.

      Plaintiff Arnoldo Umul Serech ("Plaintiff Umul"), individually and on behalf of others

similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his

knowledge and belief, and as against Bareburger Group LLC, Bareburger Inc. ("Franchisor

Corporate Defendants"); Euripides Pelekanos, Georgios Rodas ("Franchisor Individual

Defendants" and, together with Franchisor Corporate Defendants, "Franchisor Defendants");

East 87 Burgers LLC (d/b/a 1681 First Avenue Bareburger), East Side Burgers LLC (d/b/a 1370

First Avenue Bareburger), Bareburger East Side LLC (d/b/a Bareburger) ("Franchisee Corporate Defendants"); Joseph Busuttil, Pantelis Tzanidakis, Petros Tzanidakis, Georgios Tzanidakis, and John Kapsalis ("Franchisee Individual Defendants" and, together with Franchisee Corporate Defendants, "Franchisee Defendants") ( all collectively, "Defendants") alleges as follows:

## NATURE OF THE ACTION

1.      Franchisee Defendants own, operate or control several organic fast food restaurants, two of which are located at 1681 First Avenue, New York, NY 10028 (87th Street Location), and 1370 First Avenue, New York NY 10021 (73rd Street location), operating under the trade name "Bare Burger".

2.      Franchise Defendants are franchised to operate Bareburger stores under contract with the Franchisor Defendants.

3.      Upon information and belief, Individual Defendants Euripides Pelekanos and Georgios Rodas serve or served as owners, managers, principals or agents of Defendants Bareburger Group LLC and Bareburger Inc., and through these corporate entities operate or operated the restaurants as a joint or unified enterprise.

4.      Upon information and belief, Individual Defendants Joseph Busuttil, Pantelis Tzanidakis, Petros Tzanidakis, Georgios Tzanidakis, and John Kapsalis serve or served as owners, managers, principals or agents of Defendants East 87 Burgers LLC, East Side Burgers LLC, and Bareburger East Side LLC, and through these corporate entities operate or operated the restaurants as a joint or unified enterprise.

5.      Plaintiff Umul is a former employee of Defendants. He was employed as food preparer and delivery worker.

- 2 -

6.      At all times relevant to this Complaint, Plaintiff Umul worked for Franchisee Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that he worked.

7.      Rather, Franchisee Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Umul appropriately for any hours worked over 40 either at the straight rate of pay, or for any additional overtime premium.

8.      Further, Franchisee Defendants failed to pay Plaintiff Umul the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      At all times relevant to this Complaint, Franchisee Defendants maintained a policy and practice of requiring Plaintiff Umul and other employees to work without providing the minimum wage, overtime, and spread of hours compensation required by federal and state law and regulations.

10.      Upon information and belief, Franchisor Defendants knew or should have known of work performed by Plaintiff Umul and similarly situated employees, and/or knew or should have known of the unlawful policies of requiring Plaintiff Umul and other employees to work without providing the minimum wage, overtime, and spread of hours compensation required by federal and state law and regulations; and upon information and belief, Franchisor Defendants had the power to stop the work and/or the violations, but did not do so.

11.      Defendants' conduct extended beyond Plaintiff Umul to all other similarly situated employees. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Umul to work without providing the minimum wage and  overtime compensation required by federal and state law and regulations.

- 3 -

12.     Plaintiff Umul now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages and overtime pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

13.     Plaintiff Umul seeks certification of this action as a collective action on behalf of himself individually and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and supplemental jurisdiction over Plaintiff Umul's state law claims under 28 U.S.C. § 1367(a).

15.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district. The Defendants maintain their corporate headquarters and offices within this district, and Defendants operate restaurants located in this district. Further, Plaintiff Umul was employed by Defendants in this district.

- 4 -

## THE PARTIES

16.     Plaintiff Arnoldo Umul Serech ("Plaintiff Umul " or "Mr. Umul") is an adult individual residing in Queens County, New York.

17.     Plaintiff Umul was employed by the Defendants from approximately June 2013 until on or about June 2014. Throughout his employment with defendants, Plaintiff Umul was stationed at both the 73rd and 87th Street locations.

### *Defendants*

18.     Defendants own, operate, or control a chain of organic fast food restaurants, two of which are located at 1681 First Ave, New York, NY 10028, and 1370 First Avenue, New York NY 10021 and operating under the trade name "Bareburger".

### *Franchisor Defendants*

19.     Upon information and belief, Bareburger Group LLC is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, Defendant Bareburger Group LLC maintains its corporate headquarters at 31-29 Vernon Boulevard, Queens, New York 11106.

20.     Upon information and belief, Bareburger Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, Defendant Bareburger Inc., maintains its corporate headquarters at 31-23 Vernon Boulevard, Queens, New York 11106.

21.     Defendant Euripides Pelekanos is an individual engaging in business in this judicial district during the relevant time period.  Defendant Euripides Pelekanos is sued individually in his capacity as an owner, officer and/or agent of Bareburger Group LLC and Bareburger Inc.  He possesses or possessed operational control over these Defendant

- 5 -

Corporations, an ownership interest in these Defendant Corporations, or controlled significant functions of these Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiff Umul, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

22.     Defendant Georgios Rodas is an individual engaging in business in this judicial district during the relevant time period. Defendant Georgios Rodas is sued individually in his capacity as an owner, officer and/or agent of Bareburger Group LLC and Bareburger Inc. He possesses or possessed operational control over these Defendant Corporations, an ownership interest in these Defendant Corporations, or controlled significant functions of these Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiff Umul, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

23.     Upon information and belief, Franchisor Defendants grant franchises to operate Bareburger stores in New York and grant sublicenses to franchisees to use the Bareburger trademarks.

24.     At relevant times, and as a matter of economic reality, Franchisor Defendants were employers of Plaintiff Umul within the meaning of the FLSA and the NYLL, and Franchisor Defendants employed and/or jointly employed Plaintiff Umul and similarly situated employees within the meaning of the FLSA and NYLL.

25.     Facts which demonstrate that Franchisor Defendants were Plaintiff Umul's employers include:

      a.  Defendants all suffered or permitted Plaintiff Umul and similarly situated employees to work.

- 6 -

b. Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff Umul and similarly situated employees.

c. Defendants each have an economic interest in the Bareburger locations in which Plaintiff Umul and similarly situated employees work.

d. Defendants all simultaneously benefitted from Plaintiff Umul's work.

e. Defendants each had either functional and/or formal control over terms and conditions of work of Plaintiff Umul and similarly situated employees.

f. Plaintiff Umul and similarly situated employees performed work integral to each Defendant's operation.

### Franchisee Defendants

26. Upon information and belief, East 87 Burgers LLC (d/b/a Bareburger) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, Defendant East 87 burgers LLC maintains its place of business at 1681 First Avenue, New York, New York  10028 and its corporate headquarters at 12-52 Clintonville Street, Whitestone, New York, 11357.

27. Upon information and belief, East Side Burgers LLC (d/b/a Bareburger) is a domestic corporation organized and existing under the laws of the State of New York.  Upon information and belief, Defendant East Side Burgers LLC., maintains its place of business at 1370 First Avenue, New York NY 10021, and its corporate headquarters at 12-52 Clintonville Street, Whitestone, New York, 11357.

28. Upon information and belief, Bareburger East Side LLC (d/b/a Bareburger) is a domestic corporation organized and existing under the laws of the State of New York.  Upon information and belief, Defendant Bareburger East Side LLC., maintains its place of business at

- 7 -

1370 First Avenue, New York NY 10021, and its corporate headquarters at 12-52 Clintonville Street, Whitestone, New York, 11357.

29.     Defendant Joseph Busuttil is an individual engaging in business in this judicial district during the relevant time period.  Defendant Joseph Busuttil is sued individually in his capacity as an owner, officer and/or agent of East 87 Burgers LLC, East Side Burgers LLC, and Bareburger East Side LLC.  He possesses or possessed operational control over these Defendant Corporations, an ownership interest in these Defendant Corporations, or controlled significant functions of these Defendant Corporations.  He determined the wages and compensation of the employees of Defendants, including Plaintiff Umul, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

30.     Defendant Pantelis Tzanidakis is an individual engaging in business in this judicial district during the relevant time period.  Defendant Pantelis Tzanidakis is sued individually in his capacity as an owner, officer and/or agent of East 87 Burgers LLC, East Side Burgers LLC, and Bareburger East Side LLC.  He possesses or possessed operational control over these Defendant Corporations, an ownership interest in these Defendant Corporations, or controlled significant functions of these Defendant Corporations.  He determined the wages and compensation of the employees of Defendants, including Plaintiff Umul, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

31.     Defendant Petros Tzanidakis is an individual engaging in business in this judicial district during the relevant time period.  Defendant Petros Tzanidakis is sued individually in his capacity as an owner, officer and/or agent of East 87 Burgers LLC, East Side Burgers LLC, and Bareburger East Side LLC.  He possesses or possessed operational control over these Defendant

- 8 -

Corporations, an ownership interest in these Defendant Corporations, or controlled significant functions of these Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiff Umul, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

32.     Defendant Georgios Tzanidakis is an individual engaging in business in this judicial district during the relevant time period. Defendant Georgios Tzanidakis is sued individually in his capacity as an owner, officer and/or agent of East 87 Burgers LLC, East Side Burgers LLC, and Bareburger East Side LLC. He possesses or possessed operational control over these Defendant Corporations, an ownership interest in these Defendant Corporations, or controlled significant functions of these Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiff Umul, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

33.     Defendant John Kapsalis is an individual engaging in business in this judicial district during the relevant time period. Defendant John Kapsalis is sued individually in his capacity as an owner, officer and/or agent of East 87 Burgers LLC, East Side Burgers LLC, and Bareburger East Side LLC. He possesses or possessed operational control over these Defendant Corporations, an ownership interest in these Defendant Corporations, or controlled significant functions of these Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiff Umul, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

- 9 -

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

34.     Defendants own, operate, or control a chain of organic fast food restaurants which are located at various locations around Manhattan.

35.     Individual Defendants Euripedes Pelekanos and Georgios Rodas possess operational control over Defendant Franchisor Corporations, possess an ownership interest in Defendant Franchisor Corporations, and control significant functions of Defendant Franchisor Corporations.

36.     Individual Defendants Joseph Busuttil, Pantelis Tzanidakis, Petros Tzanidakis, Georgios Tzanidakis, and John Kapsalis possess operational control over Defendants East 87 Burgers LLC, East Side Burgers LLC, and Bareburger East Side LLC, possess an ownership interest in these Defendant Corporations, and control significant functions of these Defendant Corporations.

37.     Defendants possess or possessed substantial control over Plaintiff Umul's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Umul, and all similarly situated individuals, referred to herein.

38.     Defendants employ or employed Plaintiff Umul, and all similarly situated individuals, and are or were Plaintiff Umul's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

39.     Upon information and belief, Individual Defendants Euripides Pelekanos, Georgios Rodas, Joseph Busuttil, Pantelis Tzanidakis, Petros Tzanidakis, Georgios Tzanidakis, and John Kapsalis operate Defendant Corporations as either alter egos of themselves, and/or

- 10 -

failed to operate Defendant Corporations as entities legally separate and apart from themselves by, among other things,

    a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as corporations,

    b.  defectively forming or maintaining Defendant Corporations by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c.  transferring assets and debts freely as between all Defendants,

    d.  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e.  operating Defendant Corporations for their own benefit and maintaining control over these corporations as  closed corporations,

    f.  intermingling assets and debts of their own with Defendant Corporations and diminishing and/or transferring assets to avoid full liability as necessary to protect their own interests, and

    g.  Other actions evincing a failure to adhere to the corporate form.

40.    At all relevant times, Franchisee Defendants were Plaintiff Umul's employers within the meaning of the FLSA and New York Labor Law.  Franchisee Defendants had the power to hire and fire Plaintiff Umul, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Umul's services.

41.    Upon information and belief, Franchisor Defendants run an organic fast food business dependent on its franchise and corporate-owned store selling and delivering food based

on a prescribed mode. As such, upon information and belief, Plaintiff Umul's work as a worker who performs duties within this model is integral to Franchisor Defendants' operations.

42.     Upon information and belief, Franchisor Defendants coordinate certain customer service options for all stores, corporate and franchise owned. For example, Franchisor Defendants have a central research and development team to create new products for Bareburger stores. *See* www.bareburger.com/franchise/

43.     Upon information and belief, Franchisor Defendants have maintained control over many aspects of Franchisee Defendants' operations. For example, upon information and belief, Bareburger stores must conform to two standard layout requirements. In addition, upon information and belief, Bareburger guides Franchisees on how to hire and train employees, as well as materials giving directions to employees as to how to perform their jobs.

44.     Upon information and belief, through its franchise agreement and in other ways, Franchisor Defendants set requirements for the operation of Franchise Defendants and enforced those requirements, in particular, requirements related to the work of Plaintiff Umul and similarly situated employees. The requirements include, but are not limited to, setting Bareburger delivery areas, monitoring employee performance, specifying equipment, uniforms, and supplies for the use of Plaintiff Umul and other similarly situated employees, and specifying the methods and procedures Plaintiff Umul and other similarly situated employees use in preparing customer orders.

45.     Upon information and belief, through these requirements, Franchisor Defendants had the authority and exercised the authority to control, directly or indirectly, the work of Plaintiff Umul and similarly situated employees.

- 12 -

46.     Upon information and belief, the Franchisor Defendants had the authority to and did require that Franchisee Defendants employ recordkeeping of the operation of Franchisee Defendants, including systems for tracking hours and wages and for retaining payroll records. Upon information and belief, these recordkeeping systems required by Franchisor Defendants were an instrument through which unlawful policies, patterns, and/or practices in this case were implemented.

47.     Upon information and belief, Franchisor Defendants had the right to inspect the facilities and operations of Franchisee Defendants.

48.     Upon information and belief, Franchisor Defendants had the right to audit all Franchisee records.

49.     Upon information and belief, Franchisor Defendants had the authority to control, directly or indirectly, the timekeeping and payroll practices of Franchisee Defendants.

50.     Upon information and belief, Franchisor Defendants knew or should have known of, and had the authority to exercise control over, the accuracy of records concerning the hours and wages of Plaintiff Umul and similarly situated employees through the monitoring of Franchisees.

51.     Franchisor Defendants could have terminated the franchise agreements of Franchisee Defendants and caused Franchisee Defendants to cease operation of the franchise stores under certain circumstances, including in the event of violations of the law. Thus, upon information and belief, Franchisor Defendants have had the authority to stop violations of the labor law and, ultimately, to control the employment of Plaintiff Umul and similarly situated employees, including, but not limited, causing the termination of their employment. Moreover,

- 13 -

Franchisor Defendants have had the power to induce compliance with applicable wage and hour laws by threatening to terminate a franchise agreement.

52.    In each year from 2012 to the present, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

53.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce.  As an example, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York.

## Individual Plaintiff

54.    Plaintiff Umul is a former employee of the Defendants who was employed as a food preparer and delivery worker. He seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

## Plaintiff Arnoldo Umul Serech

55.    Plaintiff Umul was employed by the Defendants from approximately June 2013 until June 2014.

56.    Defendants employed Plaintiff Umul as a food preparer and as a delivery worker for the entire time he worked for them.

57.    Plaintiff Umul regularly handled goods in interstate commerce, such as olive oil and other supplies produced outside the State of New York.

58.    Plaintiff Umul's work duties required neither discretion nor independent judgment.

59.    Throughout his employment with Defendants, Plaintiff Umul regularly worked in excess of 40 hours per week.

- 14 -

60.     From approximately June 2013 until June 2014, Plaintiff Umul worked from approximately 8:00 a.m. until on or about 5:00 p.m. Tuesdays through Sundays (typically 54 hours per week).

61.     However on numerous occasions, Plaintiff Umul had to work additional hours as a food preparer or as a delivery worker.

62.     From approximately June 2013 until on or about August 2013, Plaintiff Umul was stationed at the 73rd Street location.

63.     From approximately August 2013 until June 2014 Plaintiff Umul was stationed at the 87th Street location.

64.     Throughout his employment with the Defendants, Plaintiff Umul was paid his wages in cash.

65.     Throughout his employment with defendants, Plaintiff Umul was paid $12 per hour for his work as a food preparer and $5.00 per hour for his work as a delivery worker.

66.     Defendants did not provide Mr. Umul with break periods of any kind throughout the entire time he worked for them.

67.     Defendants did not provide Plaintiff Umul with a statement of wages with each payment of wages, as required by NYLL 195(3).

68.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Umul regarding overtime and wages under the FLSA and NYLL.

69.     Defendants did not give Plaintiff Umul any notice, in English and in Spanish (Plaintiff Umul's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

- 15 -

70.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Umul and all similarly situated employees to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, or spread of hours compensation, as required by federal and state laws.

71.    Defendants have engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

72.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Umul and other similarly situated current and former employees.

73.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Umul to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, or spread of hours compensation, as required by federal and state laws.

74.    Defendants' pay practices resulted in Plaintiff Umul not receiving payment for all his hours worked, resulting in Plaintiff Umul's effective rate of pay falling below the required minimum wage rate.

75.    Defendants habitually required Plaintiff Umul to work additional hours beyond his regular shifts, but did not provide them with any additional compensation.

76.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

77.    Defendants failed to post required wage and hour posters in the restaurants, and did not provide Plaintiff Umul with statutorily required wage and hour records or statements of

his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Umul' lack of sophistication in wage and hour laws.

78.     Plaintiff Umul was paid his wages entirely in cash.

79.     Upon information and belief, Defendants practices were done willfully to disguise the actual number of hours Plaintiff Umul (and similarly situated individuals) worked, and to avoid paying Plaintiff Umul properly for his full hours worked.

80.     Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

81.     Defendants failed to provide Plaintiff Umul and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

82.     Defendants failed to provide Plaintiff Umul and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by

- 17 -

the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

83.     Plaintiff Umul bring his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the Complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

84.     At all relevant times, Plaintiff Umul, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at the proper wage rate and willfully failing to keep records required by the FLSA.

85.     The claims of Plaintiff Umul stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

86.     Plaintiff Umul repeats and realleges all paragraphs above as though fully set forth herein.

87.     At all times relevant to this action, Defendants were Plaintiff Umul's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the

- 18 -

power to hire and fire Plaintiff Umul, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

88.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

89.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

90.     Defendants failed to pay Plaintiff Umul at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

91.     Defendants' failure to pay Plaintiff Umul at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

92.     Plaintiff Umul was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

93.     Plaintiff Umul repeats and realleges all paragraphs above as though fully set forth herein.

94.     Defendants, in violation of the FLSA, failed to pay Plaintiff Umul and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

95.     Defendants' failure to pay Plaintiff Umul and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

96.     Plaintiff Umul and the FLSA class members have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

97.     Plaintiff Umul repeats and realleges all paragraphs above as though fully set forth herein.

98.     At all times relevant to this action, Defendants were Plaintiff Umul's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

99.     Defendants had the power to hire and fire Plaintiff Umul, control his terms and conditions of employment, and determine the rates and methods of any compensation in exchange for his employment.

100.    Defendants, in violation of the NYLL, paid Plaintiff Umul less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

101.    Defendants' failure to pay Plaintiff Umul the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

102.    Plaintiff Umul has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK LABOR LAW)

103.    Plaintiff Umul repeats and realleges all paragraphs above as though fully set forth herein.

104.    Defendants, in violation of the NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2, failed to pay Plaintiff Umul overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

105.    Defendants' failure to pay Plaintiff Umul overtime compensation was willful within the meaning of NYLL § 663.

106.    Plaintiff Umul was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

107.    Plaintiff Umul repeats and realleges all paragraphs above as though fully set forth herein.

108.    Defendants failed to pay Plaintiff Umul one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Umul' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 137-1.7 and 137-3.11.

109.    Defendants' failure to pay Plaintiff Umul an additional hour's pay for each day Plaintiff Umul's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

110.    Plaintiff Umul was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

111.    Plaintiff Umul repeats and realleges all paragraphs above as though fully set forth herein.

112.    Defendants failed to provide Plaintiff Umul with a written notice, in English and in Spanish (Plaintiff Umul's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

113.    Defendants are liable to Plaintiff Umul in the amount of $2,500, together with costs and attorney's fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW)

114.   Plaintiff Umul repeats and realleges all paragraphs above as though set forth fully herein.

115.   Defendants did not provide Plaintiff Umul with wage statements upon each payment of wages, as required by NYLL 195(3).

116.   Defendants are liable to Plaintiff Umul in the amount of $2,500, together with costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Umul respectfully request that this Court enter judgment against Defendants:

(a)   Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff Umul in the FLSA claims in this action;

(b)   Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Umul (including the prospective collective class members);

(c)   Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Umul (including the prospective collective class members);

(d)   Declaring that the Defendants violated the recordkeeping requirements of, and

- 22 -

associated rules and regulations under, the FLSA with respect to Plaintiff Umul' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Umul (including the prospective collective class members);

(f)     Awarding Plaintiff Umul (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Umul (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Umul;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Umul;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Umul;

(k)     Declaring that the Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Umul' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff Umul;

- 23 -

(m)     Awarding Plaintiff Umul damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiff Umul damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Umul liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Umul (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Umul (including the prospective collective class members) the expenses incurred in this action, including costs and attorney's fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 4, 2014

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____
        Michael A. Faillace
        60 East 42nd Street, Suite 2020
        New York, New York 10165

- 24 -

Telephone:     (212) 317-1200
Facsimile:     (212) 317-1620
*Attorneys for Plaintiff*